UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

LEANDER BARNETT, on his own behalf and
others similarly situated,

    Plaintiff,

v.

REDDY ICE CORPORATION, a Nevada Corporation, and
SCHADE ICE CORP., a Florida Corporation,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, LEANDER BARNETT (referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendant, REDDY ICE CORPORATION, a Nevada Corporation, has at all times material to this Complaint had its principal address at 5720 LBJ Freeway, Suite 200, Dallas, Texas 75240 and has owned and operated manufacturing and distributing facilities throughout the United States, including but not limited to, in Davie, Florida, within the jurisdiction of this Court. More specifically, at all times material to this Complaint, REDDY ICE CORPORATION has been a manufacturer and distributor of packed ice products serving multi-state retailers such as Walmart, Target, Sam's Club, 7-Eleven, and gas stations throughout the United States and the State of Florida, including but not limited to in Miami-Dade, Broward, and Palm Beach County.

3. Defendant, SCHADE ICE CORP., a Florida Corporation (referred to as "SHADE ICE"), has at all times material to this Complaint had its principal address at 1600 NW 101st Way,

1

Plantation, Florida and has operated an ice manufacturing and distributing facility in Davie, Florida, within the jurisdiction of this Court.

4. At all times material to this Complaint, Defendants, REDDY ICE CORPORATION and SCHADE ICE CORP., have acted in the direct interest of each other towards a collective interest and exercised common control over the terms and conditions of the employment of Plaintiff and other similarly situated Delivery Assistants a/k/a Helpers, however variously titled. More specifically, REDDY ICE CORPORATION and SCHADE ICE CORP. have acted in the interest of an employer or joint-employer toward Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, including without limitation: (a) directly or indirectly, controlling the terms of employment and compensation of Plaintiff and the other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled; (b) providing a mandatory REDDY ICE uniform—namely REDDY ICE's blue button up shirt with a REDDY ICE logo in front, blue cargo shorts and blue hat with logo that Defendants required all Delivery Assistants, a/k/a Helpers, wear during all working hours; (c) providing hand-held scanning devices, and printers for printing Defendants' clients' delivery receipts; (d) establishing the terms and conditions of employment, as well as paying, the wages and compensation issued to Plaintiff and other Delivery Assistants, a/k/a Helpers; (e) setting the work hours and delivery routes that Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, were required to work for Defendants; (f) assigning the job duties performed by Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, for Defendants; (g) assigning Drivers, Plaintiff, and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, REDDY ICE logo commercial vehicles to travel to REDDY ICE client's locations; and (h) supervising the day-to-day work carried out by Plaintiff and other similarly situated Delivery

Assistants, a/k/a Helpers, however variously titled, while on Defendants' routes. Accordingly, the relationship of REDDY ICE CORPORATION and SCHADE ICE CORP. with respect to Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, who have performed work for Defendants, in one or more work weeks, during the three (3) year statute of limitations period between May 2014 and the present, is that of employers and/or joint-employers under 29 U.S.C. §203(d).

5.  Plaintiff brings this action against Defendants on behalf of himself and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, for unpaid minimum and overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).[1]

6.  Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

7.  A substantial part of the events giving rise to this action occurred in Broward County, within the jurisdiction of this Court.

8.  At all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, REDDY ICE CORPORATION and SCHADE ICE CORP. have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, REDDY ICE CORPORATION and SCHADE ICE CORP. have employed two (2) or more employees who, *inter alia*, have: (a) regularly handled and worked on commercial equipment—including but not limited to ice cube makers, ice block makers, industrial

---

[1] Attached hereto is a signed Consent to Join of Plaintiff LEANDER BARNETT.

freezers, industrial refrigerators, forklifts, and pallet jacks—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with packed ice products—including but not limited to cubed ice, crystal classic cubes, block ice, and dry ice—that were goods and/or materials moved in or produced for commerce; (c) regularly handled and worked on office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (d) regularly handled and worked with commercial office supplies—including but not limited to paper, pens, UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; (e) regularly processed and participated in electronic bank and/or transfers and transactions across Florida and other State lines throughout the United States; and (f) used REDDY ICE logo commercial vehicles provided by Defendants to travel to Defendants' client's locations, which vehicles were goods and/or materials moved in or produced for commerce and which operated on gasoline that also constitute goods and/or materials moved in or produced for commerce.

9. Based upon information and belief, the annual gross sales volume of REDDY ICE CORPORATION and SCHADE ICE CORP. has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017.

10. At all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, REDDY ICE CORPORATION and SCHADE ICE CORP. has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. At all times material to this Complaint, Plaintiff was an employee of REDDY ICE

CORPORATION and SCHADE ICE CORP. within the meaning of the FLSA, 29 U.S.C. §203(e), as Plaintiff performed his non-exempt duties based from a Davie, Florida facility, on a full-time, permanent basis for Defendants, without time or opportunity for Plaintiff to perform other substantial work outside of his work with Defendants, which work was integral to Defendants' ability to serve their clients and did not require Plaintiff exercise managerial skills, special skills or Plaintiff's investment in either equipment or materials used since Defendants were exclusively responsible for products and services provided.

12.     During the three (3) year statute of limitations period between approximately January 2016 and November 2016, Plaintiff's primary duties for Defendants as a Delivery Assistant a/k/a Helper were non-exempt in nature, consisting of: (a) loading and unloading packed ice products from a facility in Davie, Florida; (b) assisting in delivering packed ice products in Broward County routes; (c) collecting payment and printing clients' delivery receipts; and (d) related manual labor for Defendants.

13.     During the three (3) year statute of limitations period between approximately January 2016 and November 2016, Plaintiff regularly worked six (6) days per week for Defendants with start times regularly between approximately 7:30 a.m. and 8:00 a.m. with stop times between approximately 5:00 p.m. and 6:00 p.m., averaging approximately Fifty-Two (52) hours per week.

14.     Plaintiff alleges Defendants paid him average gross weekly wages of approximately $300.00 per week—*in cash*—while failing to pay Plaintiff (a) at least the federal minimum wage of $7.25/hour for all of the hours Plaintiff worked each week for Defendants; and (b) time and one-half wages for all of the actual hours Plaintiff worked in excess of Forty (40) hours per week for Defendants.

15. Based upon Defendants owing Plaintiff unpaid minimum wages at the rate of $1.48/hour [($300.00/52 hours = $5.77/hour) ($7.25/hour - $5.77/hour = $1.48/hour)] for an average of Fifty-Two (52) hours per week during a total of approximately Forty (40) work weeks between January 2016 and November 2016, Plaintiff's unpaid minimum wages total $3,080.00 [$1.48/hour x 52 hours x 40 weeks = $3,080.00].

16. In addition, based upon REDDY ICE owing Plaintiff an average of Twelve (12) overtime hours per week at an applicable overtime rate of $4.03/hour ($7.25/hour x 1.5 = $10.88/hour - $7.25/hour = $3.63/hour), Plaintiff's unpaid overtime wages total $1,740.00 [$3.63/hour x 12 OT hours/week x 40 weeks = $1,740.00].

17. Likewise, Defendants' other employees similarly situated to Plaintiff are owed the federal minimum wage of $7.25/hour for all of the hours they worked each week for Defendants and similarly, have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between May 2014 and the present.

18. Defendants have failed to comply with the requirements of the Fair Labor Standards Act by, *inter alia*: (a) failing to maintain accurate time records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, between May 2014 and the present, as required by the FLSA, 29 C.F.R. §516.2; and (b) failing to pay the minimum wages required by the FLSA and time and one-half wages for all of the actual overtime hours worked by Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, in one or more weeks between May 2014 and the present.

19.     At all times material to this Complaint, Defendants' management personnel and other employees, including but not limited to Ronald J. Hasnauer, a/k/a R.J., , had knowledge of the actual hours worked by Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, for Defendants between May 2014 and the present, all of which work was for the benefit of Defendants.  Nonetheless, Defendants knowingly and willfully failed to compensate Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, with the minimum wage required by the FLSA and similarly failed to pay Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, time and one-half wages for all of their actual overtime hours worked, instead accepting the benefits of the work performed by Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, without paying the compensation required by law.

20.     The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt Delivery Assistants, a/k/a Helpers, however variously titled, who have worked for Defendants in one or more weeks between May 2014 and the present without being compensated (a) at least the minimum wage for each hour worked for Defendants; and (b) time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week, regardless of location.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, LEANDER BARNETT readopts and realleges the allegations contained in Paragraphs 1 through 20 above.

21.     Plaintiff is entitled to be paid time and one-half of his applicable regular rate(s) of pay for each and every hour he worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately January 2016

7

and November 2016.

22. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid by Defendants during the three (3) year statute of limitations period between May 2014 and the present.

23. At all times material to this Complaint, Defendants had actual notice that its compensation practices did not provide Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, with time and one-half wages for all of their actual overtime hours worked between May 2014 and the present based upon, *inter alia*: (a) Defendants facilitating the creation, oversight, and administration of compensation practices, timekeeping practices, and employment policies governing Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, which knowingly and willfully did not provide time and one-half compensation for all hours worked in excess of Forty (40) hours per week; and (b) Defendants' failure to maintain accurate records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and other similarly situated Delivery Assistants, a/k/a Helpers, however variously titled, for Defendants as required by the Fair Labor Standards Act for each work week within the three (3) year statute of limitations period between May 2014 and the present.

24. By reason of the intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

25. Defendants did not have a good faith basis for its failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and Defendants' other non-exempt Delivery Assistants, a/k/a Helpers, however variously titled, as a result of which Plaintiff and the

other similarly situated employees are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

26. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

27. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, LEANDER BARNETT, and any current or former non-exempt employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, REDDY ICE CORPORATION and SCHADE ICE CORP., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, LEANDER BARNETT, readopts and realleges the allegations contained in Paragraphs 1 through 20 above.

28. Plaintiff is entitled to the minimum wage required by the Fair Labor Standards Act for every hour he worked for Defendants week within the three (3) year statute of limitations period between approximately January 2016 and November 2016.

29. However, Defendants failed to pay Plaintiff at least the minimum wage required by the law for each and every hour he worked for Defendants between approximately January 2016 and November 2016.

30. All other non-exempt Delivery Assistants, a/k/a Helpers, however variously titled, of Defendants are also entitled to be paid time at least the minimum wage required by law for every hour they have worked for Defendants within the three (3) year statute of limitations period

9

between May 2014 and the present.

31. At all times material to this Complaint, Defendants had knowledge that Plaintiff and other non-exempt Delivery Assistants, a/k/a Helpers, however variously titled, were performing work for the benefit of Defendants during numerous work weeks within the three (3) year statute of limitations period between May 2014 and the present without compensation at the minimum wage required by law.

32. Defendants knowingly and willfully failed to pay Plaintiff and other non-exempt Delivery Assistants, a/k/a Helpers, however variously titled, at least the minimum wage required by law for all of their actual hours worked for Defendants during each week within the statute of limitations period between May 2014 and the present.

33. By reason of Defendants' intentional, willful and unlawful act, all Plaintiffs (the named Plaintiff and those employees similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

34. Defendants did not have a good faith basis for its failure to pay Plaintiff and the other non-exempt Delivery Assistants, a/k/a Helpers, however variously titled, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages in an amount equal to their unpaid minimum wages from Defendants pursuant to 29 U.S.C. §216(b).

35. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

36. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, LEANDER BARNETT, and any current or former non-exempt

employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, REDDY ICE CORPORATION and SCHADE ICE CORP., for the payment of all unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  May 8, 2017                              Respectfully submitted,

By:   **s/HAZEL SOLIS ROJAS**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail:  hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Reddy Ice Corporation, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Leander Barnett
Printed Name

Signature: *[signed]* Leander James Barnett Jr. (Mar 24, 2017)

Email: [redacted]